**Anthony Chester CUNDIFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–1037.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1974.

Decided July 23, 1974.

Josef V. Hobson, Fort Smith, Ark., for appellant.

James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before GIBSON, BRIGHT, and WEBSTER, Circuit Judges.

PER CURIAM.

Anthony Chester Cundiff appeals his jury conviction of bank robbery for which he was sentenced to 10 years imprisonment. He questions the validity of the search warrant used to secure evidence admitted against him at trial and claims error in the forms of verdict the District Court submitted to the jury. For the reasons hereafter expressed, we affirm the judgment of conviction.

*I. The Search Warrant*

Defendant was arrested at the Sands Motel in Fort Smith, Arkansas, approximately 20 minutes after the robbery of the Merchants National Bank in Fort Smith. He makes no claim that his arrest was not based on probable cause. The facts which led to defendant's arrest and which ultimately were presented to the magistrate by affidavit of Detective Bob Hatfield of the Fort Smith Police Department to secure issuance of a search warrant are listed below.

The bank was robbed by a man described by the teller as a white male wearing a rust-colored jumpsuit, sunglasses and a handkerchief over his face, and carrying a black or dark blue pistol. After receiving the money from the teller, the robber left the bank on foot going towards Coleman Drug Store. Another eyewitness, Martine Belcher,

saw a man in a rust-colored jumpsuit leave the area of the bank and go into the yard of a house behind the drug store. The man started running. As Belcher circled the drug store he saw a green car leaving the area but did not see the man running across Tilles Park as he had expected.

Two boys cutting grass in the park reported seeing a man in a rust-colored jumpsuit come through the yard behind Coleman Drug Store and enter a green Mercury automobile with a damaged rear quarter panel.

At approximately the time of the robbery, Jimmy McGee was in his front yard, approximately a block from the bank. He reported seeing a green 1972 or 1973 Mercury, with damage to the left rear quarter panel and the dustpan hanging down in the rear, at the intersection of 36th and Alabama, one block south of the bank. He said he saw the driver look toward the bank and then drive eastward on Alabama toward the area of Tilles Park.

Within 20 minutes of the robbery, Fort Smith police officers checking motels found a green 1973 Mercury Cougar with damage to the left rear quarter panel parked on the lot of the Sands Motel. They determined from the motel registration that the car's owner occupied Room 152. They proceeded to Room 152 and arrested the defendant and his co-defendant in this case. Upon checking the identification on their persons, it was found they had registered at the motel under assumed names. The above were the facts presented to the magistrate to support the issuance of a search warrant [1] for Room 152 and the green Mercury Cougar. The co-defendant later pled guilty.

Defendant contends here that these facts, disclosed in the affidavit for search warrant executed by Detective Hatfield, failed to meet the require-

---

1. The search under the warrant disclosed the paraphernalia utilized by the co-defendant in robbing the bank, namely the brownish-or-ange jumpsuit, reddish mask, long black haired wig, a small caliber gun and a brown paper bag, together with the loot of some $21,333, which also included bait money.

ments set out in *Spinelli*.[2] More particularly he protests the "failure" to set forth underlying information so that the magistrate could determine the credibility of the "hearsay" information given by the informers. Defendant fails to note the important distinction between an informant who divulges evidence of a crime obtained from sources unknown to the affiant or magistrate and an individual who is an "eyewitness" and only relates matters gathered from his own observation. As we stated in McCreary v. Sigler, 406 F.2d 1264, 1269 (8th Cir.), cert. denied, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969):

> The essence of reliability may be found in any informant's statement of facts rather than an allegation of mere conclusory suspicion. An informant who alleges he is an "eyewitness" to an actual crime perpetrated demonstrates sufficient reliability of the person.

The personal and recent knowledge of an unidentified informant may establish sufficient probable cause to support the issuance of a search warrant. United States v. Harris, 403 U.S. 573, 579, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Here we have a series of identifiable eyewitnesses to the holdup operation and the getaway attempt, which was aborted within minutes in a motel room by a commendably efficient police operation. We are sure that the personal and recent knowledge of identified eyewitnesses establishes sufficient probable cause in the instant case. No error is shown in refusing to order suppression.

## II. Form of Verdict

The indictment charged defendant with robbery of a bank accompanied by assault or putting in jeopardy the life of another by use of a dangerous weapon or device in violation of 18 U.S.C. § 2113(a), (d). At the close of trial, the trial court also instructed the jury regarding the lesser-included offense of robbery of a bank. The jury was given two verdict forms.[3] It is the instructions on the use of these forms that defendant challenges, claiming they left the jury no alternative but to find defendant guilty of the lesser-included charge after it determined defendant was not guilty of the crime charged in the indictment. Defendant was found guilty of the lesser-included offense.

Although we think it preferable to submit forms of verdict in a neutral form, leaving it to the jury to fill in its determination of guilt, we are convinced no prejudice to defendant occurred in this case. Considering the instructions as a whole, as we must, Bengimina v. United States, 499 F.2d 117 (8th Cir. 1974), we find they fully and accurately charged the jury regarding both the indicted and lesser-included offenses. In addition the trial court fully explained the use of the forms to the jury. Upon objection by defense counsel the court called the jury back and again explained the use of the forms. We are satisfied the jury understood its alternatives and that the court's instructions cannot reasonably be interpreted as directing a verdict of guilty on the lesser-included offense. After the jury returned its verdict, the jury was polled and each juror agreed that the verdict was his separate and individual verdict. Upon this record defendant's claim of error regarding the form of verdict lacks substantial merit.

Judgment of conviction affirmed.

2. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

3. The verdict form used for the indicted offense was:

> We, the jury find the defendant, Anthony Chester Cundiff, ―――――――― as
> (guilty, not guilty)
> charged in the indictment.

The form for the lesser-included offense provided:

> We, the jury, find the defendant, Anthony Chester Cundiff, guilty of the crime of robbery of a bank but not guilty on the charge of assaulting and putting in jeopardy the lives of bank employees.