**UNITED STATES of America, Appellee,**

v.

**Bert William HUNLEY, III, Appellant.**

**No. 77–1530.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1977.

Decided Dec. 21, 1977.

---

L. Gene Worsham, Little Rock, Ark., for appellant. He also filed brief for appellant.

Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on the brief.

Before LAY, HEANEY and ROSS, Circuit Judges.

LAY, Circuit Judge.

 Bert William Hunley, III, was found guilty on stipulated facts of possession of a controlled substance with intent to deliver in violation of 21 U.S.C. § 841(a). He was sentenced to four years imprisonment, six months to be served in "a jail-type or treatment institution" and the balance suspended with a two-year parole term. On appeal defendant challenges the district court's denial of his motion to suppress evidence and attacks the sentence as excessive. We affirm.[1]

On January 12, 1975, a search warrant was issued by a state magistrate authorizing the search of Hunley's residence in North Little Rock, Arkansas, and a quantity of drugs was seized pursuant to the search. Probable cause for issuance of the warrant was based on the affidavit of Johnnie Franklin Miller, who had been arrested on a drug charge at about 6:00 P.M. on January 12, 1975, immediately after leaving defendant's home. Defendant was earlier prosecuted by the State of Arkansas but in July of 1975 the state circuit court held that the search warrant was invalidly issued and suppressed the evidence obtained. Although the record is not clear, it would appear that the state trial judge held the affidavit upon which the warrant was based inadequate to establish probable cause because of the possibility that Miller was under the influence of drugs at the time that he executed the affidavit.

■ Federal charges were thereafter brought against the defendant. After an evidentiary hearing the federal district judge overruled defendant's motion to suppress, finding that Miller was coherent and competent at the time he executed his affidavit. This finding was based on testimony given by the issuing magistrate that he examined Miller at the time and that Miller answered all questions coherently and appeared at all times to be competent. A police officer verified that at the time of arrest Miller talked in a normal and understandable manner. Miller testified that he had taken drugs some six hours before executing his affidavit, but stated that at the time he executed the affidavit he knew where he was and what he was doing. Under the overall circumstances, we sustain the federal district court's finding that Miller made a knowing and voluntary affidavit. *Cf. United States v. Damitz*, 495 F.2d 50, 56 (9th Cir. 1974).

■ The defendant urges that Miller was promised a break if he cooperated with the police and that he gave the information because he felt the defendant had set him up. This testimony does not invalidate Miller's affidavit as a matter of law. *Cf. United States v. Harris*, 403 U.S. 573, 583–84, 91

---

1. We need discuss only the validity of the search since this court will not disturb a sentence within the statutory limit when imposed in the exercise of the trial court's discretion.

*See United States v. Smallwood*, 443 F.2d 535, 543 (8th Cir.), *cert. denied*, 404 U.S. 853, 92 S.Ct. 95, 30 L.Ed.2d 93 (1971).

S.Ct. 2075, 29 L.Ed.2d 723 (1971). Miller's testimony may explain his motivation in providing the tip but it does not necessarily lessen his credibility. *See United States v. Copeland*, 538 F.2d 639, 642 (5th Cir. 1976).

Defendant's basic contention is that the affidavit upon which the warrant issued is deficient under the second prong of the *Aguilar* test [2] relating to a factual disclosure of the reliability of the informant. He contends that there is no showing that Miller was known to the police or had ever given information before. Defendant argues that the absence of these facts, along with the evidence that Miller later proved to be a self-confessed burglar, compels us to set aside the warrant. Under the facts presented we disagree.

It is well established that a warrant based on an affidavit reciting that an undisclosed informant had given reliable information to police in the past is sufficient to establish reliability. *See United States v. Bridges*, 419 F.2d 963, 966 (8th Cir. 1969). In cases where the affidavit does not contain sufficient information as to the reliability of the informant, other factors have been held to provide a substantial basis for crediting the hearsay. The informant's reliability may be established by the fact that the tip includes a statement against the informant's penal interest. *See United States v. Harris, supra,* 403 U.S. at 583, 91 S.Ct. 2075; *United States v. Long*, 449 F.2d 288, 293 (8th Cir. 1971), *cert. denied, Tocco v. United States*, 405 U.S. 974, 92 S.Ct. 1191,

31 L.Ed.2d 247 (1972); *United States v. Rosenbarger*, 536 F.2d 715, 719 (6th Cir. 1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). Independent corroboration of the informant's tip may also provide a basis for finding probable cause where the reliability prong of the *Aguilar* test is not otherwise met. *See United States v. Brand*, 556 F.2d 1312, 1318 (5th Cir. 1977); *United States v. Fluker*, 543 F.2d 709, 714 (9th Cir. 1976). Under certain circumstances, there may also be "built-in" credibility of the informant when a victim's or other innocent eyewitness' account of a crime provides the basis for a finding of reliability of the informant by the magistrate. *See Cundiff v. United States*, 501 F.2d 188, 190 (8th Cir. 1974); *McCreary v. Sigler*, 406 F.2d 1264, 1269 (8th Cir.), *cert. denied,* 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969). *See also United States v. Swihart*, 554 F.2d 264, 268–69 (6th Cir. 1977); *United States v. Burke*, 517 F.2d 377, 380 (2d Cir. 1975); *United States v. Bell*, 457 F.2d 1231, 1238–39 (5th Cir. 1972); *United States v. Mahler*, 442 F.2d 1172, 1174 (9th Cir.), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971).

The affidavit in the present case contains none of the above described circumstances. Although the informant Miller was being held on felony charges there is nothing within the four corners of the affidavit which can be construed as an admission against penal interest.[3] No corroborating

---

**2.** In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court was concerned with the existence of probable cause based on a police officer's affidavit containing hearsay information given to him by an undisclosed informant. The Court held that the affidavit must first inform the magistrate of the underlying factual circumstances from which the informant obtained his information and second, the underlying circumstances upon which the affiant concluded that the informant was reliable.

**3.** The government urges that under *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), Miller's admitted complicity in the crime establishes his reliability. However, the affidavit itself, as well as the magistrate's testimony at the suppression hearing,

revealed only that Miller was present at the time of a drug sale to Hunley. *Cf. United States v. Brand*, 556 F.2d 1312, 1318 (5th Cir. 1977). The affidavit sets out the following facts:

About 12:00 today the affiant was with one Ronald Pettingill W/M about 26 yrs old when Pettingill had in his possession what appeared to the affiant to be about $2,000 worth of controlled drugs. The affiant, Johnnie Franklin Miller Jr., also accompined [sic] Pettingill to the above described Moble [sic] Home where affiant witnessed Pettingill conduct the sale of the drugs, or most of them, to the occupant of the moble [sic] home—B. W. Hunley. The affiant also heard Hunley offer to sell Pettingill a stolen 38 pistol. Pettingill was to return later this evening to purchase the gun.

circumstances ascertained by police officers were disclosed to the magistrate to substantiate Miller's statement.[4] The informant was not a victim of the crime nor does the government aver that Miller was an innocent eyewitness to his information. The defendant argues that since the informant was charged with a felony and was a known miscreant corroboration of his statement became essential to a finding of probable cause. This is not a spurious contention. It has been authoritatively suggested that when the informant is associated with the alleged criminals additional police corroboration should be required. *See* Mr. Justice Harlan's dissent in *United States v. Harris*, 403 U.S. at 595, 598–99, 91 S.Ct. 2075. *See also United States v. Bell, supra* at 1238.[5] In fact, in evaluating the reliability of an undisclosed informant who was an eyewitness "victim" of a crime, we have suggested that corroboration by police officers may be necessary to sustain a finding of reliability of the informant. *See*

*McCreary v. Sigler, supra* at 1269. *But see United States v. Burke, supra* at 380–81.[6]

■ Notwithstanding the lack of corroboration and the absence of factors within the affidavit factually establishing reliability of the informant, we deem the finding of probable cause by the magistrate sufficient under the facts presented. Defendant's literal reliance on the two-prong test of *Aguilar* is misplaced as to the facts existing here. *Aguilar* and its progeny were concerned with the prohibition of the issuance of warrants upon hearsay.[7] In setting out the tests in *Aguilar* Mr. Justice Goldberg observed:

> Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States*, 362 U.S. 257, [80 S.Ct. 725, 4 L.Ed.2d 697], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and

**4.** Neither the facts relating to Miller's earlier arrest, nor the fact that Miller had taken the police to Hunley's mobile home are revealed in the affidavit. Miller's confession as to the burglary of the drug store to obtain the drugs was not made until several months after the issuance of the search warrant.

**5.** In discussing the Supreme Court's decision in *United States v. Harris*, a note writer has observed:

> This problem is, of course, more severe when first-time informers with criminal associations are involved. Yet the government's admission [in the *Harris* brief] that such informers are often unreliable provides the answer to its argument. Such tips must be viewed skeptically and, without independent corroboration by the police, should be insufficient to justify issuance of a warrant. *The Supreme Court, 1970 Term*, 85 Harv.L.Rev. 3, 63 n. 55 (1971).

**6.** In *United States v. Darensbourg*, 520 F.2d 985, 988 (5th Cir. 1975), the Fifth Circuit held that an affidavit relating information from an "identified nonprofessional" met the *Aguilar* requirement for reliability without corroboration. In an excellent dissent from that decision, Judge Godbold pointed out that the informant's status as a nonprofessional should not alone be sufficient to establish reliability. He indicated that corroboration may be an important factor where the nonprofessional informant is involved with the miscreants or the

crime, and that courts should consider all indicia of reliability present to determine the sufficiency of the affidavit. *Id.* at 991.

**7.** As Mr. Justice White observed in his concurring opinion in *Spinelli v. United States*, 393 U.S. 410, 425, 89 S.Ct. 584, 593, 21 L.Ed.2d 637 (1969):

> If the affidavit rests on hearsay—an informant's report—what is necessary under *Aguilar* is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it—perhaps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be first-hand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the officer's previous experience with the informant. The other basis for accepting the informant's report is more complicated. But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient.

*See also* Mr. Justice Harlan's dissent in *United States v. Harris, supra*, 403 U.S. at 594, 91 S.Ct. 2075.

some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States*, 376 U.S. 528, [84 S.Ct. 825, 11 L.Ed.2d 887], was "credible" or his information "reliable." Otherwise, "the inferences from the facts which lead to the complaint" will be drawn not "by a neutral and detached magistrate," as the Constitution requires, but instead, by a police officer "engaged in the often competitive enterprise of ferreting out crime," *Giordenello v. United States, supra,* [357 U.S. 480], at 486, [78 S.Ct. 1245, 2 L.Ed.2d 1503]; *Johnson v. United States, supra,* [333 U.S. 10], at 14, [68 S.Ct. 367, 92 L.Ed. 436], or, as in this case, by an unidentified informant.

378 U.S. at 114, 84 S.Ct. at 1514 (footnote omitted).

█ In the present case the informant's identity was not only disclosed, but as the affiant he personally appeared under oath before the magistrate and gave an eyewitness account of facts providing reasonable grounds to believe contraband was present on the defendant's premises. These circumstances do not require independent corroboration of the trustworthiness of the informant's statement. The affidavit is not based on hearsay and there is no necessity for an officer-affiant to otherwise vouch for the reliability of the informant.[8]

Another significant factor here, notwithstanding the fact that the informant appears to be a person of questionable integrity, is drawn from the fact that the magistrate testified that he had orally examined the informant for approximately 30 minutes before accepting his affidavit. The magistrate testified that when he became "convinced . . . that he [Miller] did know what he was talking about" he then placed Miller under oath and received his affidavit. Although we do not attach any substantive significance to the unrecorded oral testimony before the magistrate, we do find that this is a supporting factor in crediting the magistrate's ability to adequately evaluate the trustworthiness of the affiant's sworn statement.

█ The reason for the rule requiring independent corroboration of the informant's reliability disappears where the informant comes forward to give an eyewitness account regarding the crime under oath, and subjects himself to perjury if the information is false. When these facts are coupled with the magistrate conducting a personal interview with the informant to ascertain the reliability of his alleged first-hand observations, we find it reasonable to conclude that such circumstances provide the magistrate a sufficient basis for evaluating the reliability of the informant and the existence of probable cause.

This does not necessarily mean that a magistrate should credit every informant's statement simply because it is given under oath. The magistrate must satisfy himself that the informant is not fabricating a story or otherwise relating unsubstantiated rumor. There is, of course, always the danger that an affiant may be committing perjury or swearing to facts actually based only upon mere suspicion or surmise. There is no such claim asserted here. However, as Judge Friendly observed in *United States v. Burke, supra,* "such risks are inherent in any system allowing, as it must, that search warrants may be issued on something less than a full trial of the existence of probable cause." 517 F.2d at 381.[9]

In *Nathanson v. United States,* 290 U.S. 41, 47, 54 S.Ct. 11, 78 L.Ed. 159 (1933), the Court held that, under the Fourth Amendment, a search of a private dwelling must rest upon an affiant's disclosure of "sup-

---

8. In our judgment these factors fully comply with Mr. Justice Harlan's suggestion given in his dissent in *Harris* that someone who is himself involved in criminal activity or is, at least, someone who enjoys the confidence of criminals "could often be brought before the magistrate where he could assess their credibility for himself." 403 U.S. at 599, 91 S.Ct. at 2090.

9. The risk of an informant fabricating a story is much greater where an affiant relies on an informant's unsworn hearsay statement. This is the very reason that an informant's reliability must be factually disclosed when the affidavit contains only his uncorroborated hearsay.

porting facts or circumstances" rather than a mere affirmance of his suspicion or belief. The Fourth Amendment requires nothing more. It provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const. amend. IV.

We recognized in *McCreary v. Sigler, supra*:

> In dealing with the sufficiency of affidavits (1) only a *probability* of criminal conduct need be shown, (2) standards less rigorous than rules of evidence determine sufficiency, (3) common sense controls and (4) "great deference" should be shown by the courts to a magistrate's determination of probable cause.

406 F.2d at 1268.

Applying those rules to the case at bar, we find that the magistrate was presented with sufficient facts to make an independent judgment as to the basis of the informant's knowledge and as to his reliability, and that, under the circumstances, probable cause for issuance of the search warrant was established. The order of the district court denying defendant's motion to suppress was correct.

The judgment of conviction is affirmed.