UNITED STATES of America, Appellee,

v.

Eugene Ray SANDERS, Appellant.

No. 80–1244.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1980.

Decided Aug. 7, 1980.

Robert A. Newcomb, Little Rock, Ark., for appellant.

Terry L. Derden, Asst. U. S. Atty., Little Rock, Ark., argued, for appellee; George W. Proctor, U. S. Atty., Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., on brief.

Before HEANEY and BRIGHT, Circuit Judges, and HUNGATE,* District Judge.

PER CURIAM.

Eugene Ray Sanders appeals his conviction in the United States District Court for the Eastern District of Arkansas for bank robbery in violation of 18 U.S.C. § 2113(d). We affirm.

Prior to trial, defendant had filed pretrial motions to suppress in-court identification because of an allegedly suggestive lineup, declare his warrantless arrest unconstitutional, and suppress his confession as being involuntary. After a pretrial hearing, the District Court denied all defendant's motions.

At the jury trial, the government introduced (1) a confession by the defendant taken shortly after his warrantless arrest, (2) a photograph of the lineup conducted on November 26, 1979, and (3) testimony of two bank employees who had been present at the time of the charged robbery.

The bank manager testified that she had taken surveillance photographs of two men robbing the Capital Savings and Loan in Little Rock, Arkansas, on September 4, 1979. The manager testified that the pictures had been taken with a camera located in the building, but tape had been put partially over the camera. The manager identified defendant as the person who held the gun during the robbery.

On February 26, 1980, a jury found defendant guilty of robbing the Capital Savings and Loan in Little Rock, Arkansas, by use of a pistol. Defendant now appeals his conviction on two grounds: (1) the trial court erred in allowing the bank manager to make an in-court identification of defendant after a suggestive lineup; and (2) the arrest violated defendant's fourth amendment rights and, therefore, his confession and indictment should be suppressed. We reject defendant's contentions.

*The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri, sitting by designation.

*Lineup Identification*

Defendant asserts that the picture of the lineup as viewed discloses a high degree of suggestiveness because of height, weight, facial hair, and hairline differences. Height discrepancies were emphasized, defendant argues, by five- and six-foot height markings behind the men at the lineup.

■ The Court finds nothing impermissibly suggestive about the selection of lineup participants. *See United States v. Lewis,* 547 F.2d 1030, 1034–35 (8th Cir. 1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). Although the photograph shows defendant appears to be the shortest of the six men in the lineup, the height differences were not significant. All heights were within a four-inch range, and the height markings provided a spatial reference rather than suggesting which participant to choose.

■ Defendant also asserts that the validity of the lineup identification was unconstitutionally tainted by showing the surveillance photographs, taken three months earlier at the bank robbery, to the witness immediately before viewing the lineup.

Although the lineup procedure arguably might have allowed some suggestive influence, the record discloses that the identification was reliable under the totality of the circumstances. *See Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

The reliability of the identification is supported by the following factors:

1. the witness had had a good opportunity to view the subject at the time of the offense;

2. the witness' degree of attention was enhanced by special training for bank personnel;

3. the trial court had noted the witness' description of the robber prior to the lineup identification was amazingly consistent with an actual description of the defendant;

4. the witness was available for confrontation and cross-examination at the trial; and

5. the witness' testimony was fully corroborated by another bank employee.

*See Stovall v. Denno,* 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967).

Therefore, the Court concludes that the identification procedure did not create a substantial likelihood of misidentification.

### Warrantless Arrest

Defendant contends that the arrest without a warrant was not supported by probable cause. Defendant further contends that the trial court erred in admitting his confession into evidence because it was unfairly obtained about two hours after the allegedly illegal arrest.

Defendant's arrest was based on information obtained from an unidentified informant. The informant, who had provided reliable information leading to convictions in the past, was shown the two surveillance photographs taken during the bank robbery. One photo offered a view of a man from the right rear and showed his size and build, his dress, the cut of his hair, and his right hand, in which he held a gun. The second, although more difficult to make out, showed a side view of a man's face. Without suggestion, the informant immediately identified the man in the photos as the defendant and told the officers that the defendant could be found during the afternoons on a particular street in Little Rock.

On the same day as this information was received, the police established an afternoon surveillance on the street indicated by the informant, observed the defendant leave a residence there and enter a vehicle, and, when uniformed policemen could be obtained, stopped him, asked for identification and arrested him.

 Because of the inherent dangers of sanctioning arrests based on the reports of undisclosed informants, the government must show (1) that the informant was reliable, and (2) the underlying circumstances which make the information credible. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The defendant contends that since the government did not show the underlying circumstances by which the informant knew the defendant, his identification of the defendant from the photographs was not credible. The government argues that the credibility and reliability of the identification was established from the underlying circumstances of "built-in" trustworthiness. *See United States v. Hunley,* 567 F.2d 822, 825 (8th Cir. 1977).

 The informant's identification of the defendant as the man photographed by the surveillance camera was unprompted and unhesitating. Additional credibility was provided by the informant's description of where and when the defendant could be found. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). This detail made it reasonable to infer that the informant personally knew the defendant well enough to make the identification inherently reliable and credible.

 The Court concludes that the police officer had probable cause to arrest the defendant. Therefore, the trial court did not err in admitting into evidence defendant's confession obtained shortly after his arrest.

Finding no error, we affirm the conviction.