# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1218

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Franklin Gordon Tucker,　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted: May 19, 2006
Filed: July 18, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Franklin Gordon Tucker was convicted of being a felon in possession of three firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals from his conviction, contending that the district court[1] erred in denying his motion to suppress evidence. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, denied Tucker's motion to suppress. The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, presided over Tucker's bench trial.

## I.

On December 26, 2002, Kevin Eubanks went to the Webb City Police Department with information pertaining to drug activity at Tucker's home. A police officer relayed the information to Lieutenant John Luckey, an investigator with the Jasper County Drug Task Force (drug task force). Lt. Luckey then interviewed both Eubanks and his female companion for thirty minutes to an hour and found that the information they provided to him was consistent with that which they had previously provided to the police.

Eubanks and his companion told Lt. Luckey that they had gone to Tucker's residence that day because they believed that Tucker's wife had stolen some of their personal property. While there, they saw a firearm and evidence of methamphetamine production. They described where the Tuckers were living, but they did not give a specific address. Lt. Luckey recognized the description of the trailer. He was familiar with Tucker's residence because he had seized a methamphetamine lab from Tucker's garage in 2001 and had seized a methamphetamine lab from a car parked in Tucker's driveway in 2002. Lt. Luckey also had other intelligence that the methamphetamine activity at Tucker's residence continued after the two seizures.

Based on the information provided by Eubanks and his previous dealings with the residence, Lt. Luckey decided to apply for a warrant. Lt. Luckey and Eubanks met with a county prosecutor at the police department, where Eubanks executed an affidavit before a state court judge. Eubanks's affidavit described the activities he had seen at Tucker's residence related to the manufacture of methamphetamine. Eubanks named the individuals present at Tucker's home and described what each one was doing or possessing. He stated that he had seen a firearm at Tucker's home that day.

Members of the drug task force searched Tucker's residence on December 30, 2002, and found three firearms, methamphetamine, and ingredients and equipment

used to manufacture methamphetamine. Tucker was charged with being a felon in possession of three firearms.[2]

Tucker moved to suppress all evidence gathered and statements obtained following the search of his residence, contending that Eubanks's affidavit failed to support a finding of probable cause. At the suppression hearing, Lt. Luckey testified that he met Eubanks for the first time on December 26, 2006, when Eubanks came forward with information regarding drugs and firearms at Tucker's home. Lt. Luckey had not previously used Eubanks as an informant, and, to the best of his knowledge, neither had any other members of the drug task force. Lt. Luckey testified that Eubanks was not paid for providing the information, that he provided a very detailed, first-hand account of what he saw at Tucker's residence, and that he did not seem like he was mentally unfit or under the influence of drugs or alcohol.

Before executing the warrant, Lt. Luckey did not perform a background check on Eubanks, nor did he ask other law enforcement officers whether they had any knowledge of Eubanks. Lt. Luckey testified that he was not familiar with the arrest reports that included information regarding Eubanks's temper, mental illness, and the medication he was taking. He further testified that he was not aware of Eubanks's criminal history or mental status and that he did not purposefully omit information that he thought might bear on Eubanks's credibility.

Following the suppression hearing, the magistrate judge[3] recommended denying the motion. The district court overruled Tucker's objection and adopted the

---

[2]In a related state case, Tucker pled guilty to possession of a controlled substance.

[3]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

magistrate judge's report and recommendation in its entirety. Following a bench trial, Tucker was found guilty of being a felon in possession of three firearms.

## II.

We review the denial of a motion to suppress *de novo*. United States v. Adams, 401 F.3d 886, 893 (8th Cir. 2005). We review the factual determinations for clear error, giving due weight to the inferences drawn by the district court and law enforcement officials. Id.

Tucker first argues that Eubanks's affidavit did not support the finding of probable cause because it contained no evidence that the affiant was credible. Our duty as a reviewing court is to ensure that the issuing judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id.

In his affidavit, Eubanks provided a first-hand account of what he saw at Tucker's home on December 26, 2006. The affidavit stated that there was a handgun lying on the coffee table, that the home smelled like the odor associated with cooking methamphetamine, that he saw people carrying tools used to manufacture methamphetamine, and that two surveillance cameras were located outside the home. The affidavit also revealed Eubanks's potential bias against Tucker when it stated that Eubanks had gone to Tucker's home in an attempt to recover stolen property and that Tucker "answered the door with a baseball bat." J.A. at 14. Eubanks signed the affidavit in person before the issuing judge, who had the opportunity to assess Eubanks's credibility in person. Considering the totality of the circumstances, we conclude that the detailed affidavit, based as it was on Eubanks's personal knowledge and signed in the presence of the issuing judge, supports a finding of probable cause.

Cf. Marvin v. United States, 732 F.2d 669, 672 (8th Cir. 1984) (informant personally appeared, thus no requirement of independent corroboration of trustworthiness); United States v. Hunley, 567 F.2d 822, 827 (8th Cir. 1977) (same).

Tucker next argues that Eubanks's affidavit contained material omissions, in violation of Franks v. Delaware, 438 U.S. 154 (1978). To prevail on a Franks claim based on an omission of fact, the defendant must prove (1) that facts were omitted with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, and (2) that the affidavit, if supplemented with the omitted information, would not have been sufficient to support a finding of probable cause. United States v. Allen, 297 F.3d 790, 795 (8th Cir. 2002); United States v. Reivich, 793 F.2d 957, 960-61 (8th Cir. 1986).

Tucker contends that the affidavit recklessly or intentionally omitted that Eubanks had an extensive criminal record and that he suffered from a mental illness. At the suppression hearing, Lt. Luckey testified that he was not aware of Eubanks's criminal record or mental status and that Eubanks appeared mentally stable and that his manner "remained the same throughout the day." Tr. at 18. Lt. Luckey further testified that he had had experience with people under the influence of drugs and alcohol and that Eubanks had not seemed to be under the influence of either. Because the record does not show that Eubanks's mental illness and criminal history were omitted from his affidavit with the intent to make, or in reckless disregard of whether they made, the affidavit misleading, we conclude that no Franks violation occurred.

The judgment is affirmed.

_____