# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 99-3187

————————

United States of America,　　　*
　　　　　　　　　　　　　　　*
　　　　Plaintiff-Appellee,　　　*
　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　*　Southern District of Iowa.
Raul Melecio-Rodriguez,　　　　*
　　　　　　　　　　　　　　　*　[PUBLISHED]
　　　　Defendant-Appellant.　　*

————————

Submitted: September 12, 2000

Filed: November 3, 2000

————————

Before WOLLMAN, Chief Judge, LAY and BRIGHT, Circuit Judges.

————————

PER CURIAM.

Raul Melecio-Rodriguez was indicted for conspiracy to distribute methamphetamine under 21 U.S.C. § 846 and illegally re-entering the United States after deportation under 8 U.S.C. § 1326(a) and (b)(2). The two counts of the indictment were severed and Melecio-Rodriguez was tried and found guilty on the conspiracy charge.[1] On appeal, Melecio-Rodriguez contends that the district court[2]

————————————————

[1]After his conviction, Melecio-Rodriguez entered a plea of guilty to Count 2 of the Indictment, Unlawful Re-entry of a Deported Alien. No issues regarding the plea

committed reversible error when it allowed into evidence certain hearsay statements regarding a pager number that the Government used to connect Melecio-Rodriguez to the conspiracy.

## I.

On May 19, 1998, Mark Trimble and Favricio Lujan were arrested for possession of methamphetamine in Barstow, California, as they were headed for Des Moines, Iowa. They agreed to cooperate with a controlled delivery of dummy drugs to Lucio Brisceno in Des Moines. The investigation that followed uncovered a drug conspiracy involving Melecio-Rodriguez as the supplier in California, various couriers who transported the drugs, and Brisceno at the receiving end in Iowa. According to witnesses, Melecio-Rodriguez would make the initial purchases of the drugs, add "supplements," make transportation and payment arrangements for the drugs and couriers, and coordinate the exchanges between couriers and recipients. From approximately October 1996 to December 1998, between 500 and 1000 pounds of methamphetamine were transported from California for distribution in Iowa.

At trial, the Government presented evidence about the details of the conspiracy. The testimony that is the subject of this appeal was given by Officer Wade Wojewoda and recounted hearsay statements given to him regarding a pager number that coconspirators used to communicate with Melecio-Rodriguez.

Before Officer Wojewoda took the stand, testimony by three Government witnesses showed how members of the drug ring contacted Melecio-Rodriguez through a pager number. These witnesses also provided information which, when combined

---

to Count 2 are raised in this appeal.

[2]The Honorable Charles R. Wolle, United States Chief District Judge, Southern District of Iowa.

with corroborating phone records, proved that calls were made from the residence of two coconspirators to a pager number in California.

Coconspirator Brisceno testified that he lived at 1802 Mondamin in Des Moines and that he frequently paged Melecio-Rodriguez in California to arrange for the drug deals. Another coconspirator, Julio Angulo-Rodriguez, testified that he is Melecio-Rodriguez's cousin, that Melecio-Rodriguez resides in Fontana, California, and that Melecio-Rodriguez has a son named Christian. Salvador Montes-Guzman testified that he previously lived at 1802 Mondamin and that he had paged Melecio-Rodriguez to arrange drug transactions. When asked to recall the number he used to page Melecio-Rodriguez, Montes-Guzman recited "909-3," but could not recall the rest of the number. He also testified that prior to trial he had provided the pager number, along with phone numbers, to the police.

The next witness was a representative from U.S. West, who testified about the phone records for 1802 Mondamin. The representative stated that between May 1998 and August 5, 1998, sixty calls were made from Brisceno's telephone number at 1802 Mondamin, to (909) 342-1569, and that as many as eleven calls were made to that number in one day. The court disallowed further evidence about the identity of the person subscribed to (909) 342-1569 until the Government could present admissible evidence to prove a connection between the telephone records and Melecio-Rodriguez.

At this point, Officer Wade Wojewoda, a member of the Drug Enforcement Agency Task Force, took the stand. Wojewoda testified that when Brisceno was arrested, a piece of paper with the number (909) 342-1569 was found in his wallet. Wojewoda also stated that Angelo-Rodriguez provided police with a pager number that was listed under the name of Christian Angulo.[3] On re-direct, Wojewoda testified that

---

[3]Melecio-Rodriguez objected on hearsay grounds to the Government's line of questioning that identified Christian Angulo as Melecio-Rodriguez's son. The district

Montes-Guzman had stated in an interview that he had contacted Melecio-Rodriguez at three different numbers, one of which was (909) 342-1569.[4] Melecio-Rodriguez objected to the testimony as hearsay under Federal Rule of Evidence 801(d)(2)(E).[5] The district court overruled the objection and allowed Officer Wojewoda to testify about the pager number Montes-Guzman provided and how it matched the number found in Brisceno's wallet.

The Government's last witness was a representative from PageMart Wireless, who identified Christian Angulo as the subscriber for the pager number (909) 342-1569. PageMart records showed the address for Christian Angulo in Fontana, California.

## II.

*A.    Hearsay Exception*

Under the Federal Rules of Evidence a statement is not hearsay if it "is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Melecio-Rodriguez argues, and the Government concedes, that the statement made by Montes-Guzman to

---

court sustained the objection.

[4]The testimony that drew the objection and that is the subject of this appeal was as follows:

> Q:    When you interviewed Salvador Montes [Guzman], did he provide you specific pager numbers?
> A:    Yes, he did.
> Q:    What pagers numbers did he provide?

[5]Melecio-Rodriguez argued that the statement by Montes-Guzman was outside of the time-frame of the conspiracy at issue.

Officer Wojewoda regarding the pager number was inadmissible hearsay because it was not made in furtherance of the conspiracy at issue. Although it acknowledges the district court's error, the Government argues that the error was harmless.

*B.* *Harmless Error*

This court reviews the evidentiary rulings of a district court for abuse of discretion. See United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994). We will reverse "only when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." Id. (citation omitted). An error in admitting testimony may be harmless if the testimony is corroborated by independent sources, or if it amounts to cumulative evidence on matters already before the jury. See United States v. Ortiz-Martinez, 1 F.3d 662, 674 (8th Cir. 1993); Boone v. Moore, 980 F.2d 539, 542 (8th Cir. 1992).

Melecio-Rodriguez argues that the district court committed reversible error by allowing Officer Wojewoda to testify about the pager number. When Officer Wojewoda took the stand, Melecio-Rodriguez contends there had been no testimony by anyone connecting the pager number to him or to his son in California. Without Officer Wojewoda's testimony to establish that link, Melecio-Rodriguez reasons that the Government's case against him fundamentally was weakened. According to Melecio-Rodriguez, Officer Wojewoda's hearsay statements substantially affected the case against him and prejudiced the minds of the jury.

At trial, four witnesses testified about their first-hand knowledge of Melecio-Rodriguez's involvement in the conspiracy. In addition, two officers recounted information uncovered by their investigation that implicated Melecio-Rodriguez in the drug ring. Through properly admitted evidence, the jury learned about the type and amounts of drugs Melecio-Rodriguez sent to Briseno through couriers, the code names he used, how he packaged the drugs and arranged for their transportation, how he paid

the couriers, and the channels through which he received payment for the drugs. In addition to these details, and before Officer Wojewoda took the stand, witnesses explained how they would communicate with Melecio-Rodriguez through his pager.

Considering this evidence, any particular information about the pager number revealed by Officer Wojewoda's hearsay testimony was "cumulative." We do not believe that the information Officer Wojewoda recounted from an interview with Montes-Guzman substantially affected the case against Melecio-Rodriguez or prejudiced the minds of the jury.

For these reasons, we find that the district court did not commit reversible error when it allowed the hearsay testimony of Officer Wojewoda into evidence.

## III.

We AFFIRM the district court's conviction of Melecio-Rodriguez.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-