# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3330

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *  Appeal from the United States
      v.                            *  District Court for the
                                    *  District of South Dakota
Purcell Provost,                    *
                                    *
            Appellant.              *

_____

Submitted:  May 9, 2000

Filed:  January 12, 2001

_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Purcell Provost appeals from a final judgment entered in the United States District Court[1] for the District of South Dakota upon a jury verdict finding him guilty of attempted third degree burglary in violation of South Dakota law, as charged under 18 U.S.C. § 1153, and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). For reversal, Provost argues that: (1) the United States government lacked authority under 18 U.S.C. § 1153 to prosecute him in federal district court for

_____

[1]The Honorable Lawrence L. Piersol, Chief United States District Judge for the District of South Dakota.

attempted third degree burglary; (2) the evidence was insufficient as a matter of law to support his conviction on the firearm count; (3) he was denied a fair trial on the firearm count because other counts were improperly joined; and (4) he was improperly denied a two-level sentencing reduction for his role in the offense. For the reasons stated below, we reverse in part, affirm in part, and remand the case to the district court for further proceedings consistent with this opinion.

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The notice of appeal was timely filed under Fed. R. App. P. 4(b).

**Background**

On August 27, 1997, Provost and Myron Rainbow were indicted in federal district court on charges of first degree burglary (Count I), attempted third degree burglary (Count II), and possession of a stolen firearm (Count III). Rainbow entered into a plea agreement and pled guilty to Counts II and III of the indictment. Provost moved to dismiss the burglary charges in Counts I and II of the indictment on the ground that the incidents in question did not take place within Indian country and therefore are not covered by 18 U.S.C. § 1153. Provost proceeded to trial, which resulted in a guilty verdict on all three counts charged in the indictment. The evidence at trial, briefly summarized in a light supporting the verdict, showed the following.

On July 6, 1997, Provost, Rainbow, and another individual (a juvenile) had been drinking when they decided to burglarize the home of Ray Soulek in Lake Andes, South Dakota. They went to Soulek's house, where the juvenile entered and removed four speakers and three rifles. Provost, Rainbow, and the juvenile discussed selling the speakers and guns for money. Later that day, they went to Rosie's One Stop (Rosie's) in Pickstown, South Dakota, where they intended to commit a second burglary. Provost used one of the rifles taken from the Soulek residence to shoot out the front

door of the store. The burglar alarm went off, and the three fled. Provost was apprehended later that evening by an investigator with the Bureau of Indian Affairs.

After Provost's trial, but before his sentencing, the district court dismissed his Count I conviction on jurisdictional grounds because the burglary in question did not occur within "Indian country" as required under 18 U.S.C. § 1153.[2] Soulek's house is

---

[2]Section 1153, "Offenses committed within Indian country," provides:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

"Indian country" is separately defined as follows:

Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and

located on unallotted land which formerly was located within the Yankton Sioux Tribe Reservation (the reservation); the land was ceded to the United States pursuant to an agreement reached between the United States and the Yankton Sioux tribe in 1892 and ratified by the United States Congress in 1894. Prior to Provost's sentencing in the present case, the United States Supreme Court held that such unallotted ceded lands formerly located within the reservation was not Indian country and therefore came under the primary jurisdiction of the State of South Dakota. South Dakota v. Yankton Sioux Tribe, 522 U.S. 329 (1998).

On the remaining Counts II and III, Provost was sentenced to concurrent terms of 57 months imprisonment and three years of supervised release; he was ordered to pay $200 in special assessments and $800 in restitution. United States v. Provost, No. 4:97CR40086-002 (D.S.D. Aug. 31, 1998) (judgment). He timely appealed his conviction and sentence to this court, raising several issues including federal jurisdiction to prosecute him for the attempted burglary of Rosie's, which is located on allotted reservation land but has since passed out of Indian hands. We initially held the present appeal in abeyance, pending the outcome of the government's petition for a writ of certiorari in a legally related case, in which the Supreme Court has now denied the petition for review. Yankton Sioux Tribe v. Gaffey, 188 F.3d 1010 (8th Cir. 1999) (Gaffey), cert. denied, 120 S. Ct. 2717 (2000).

---

whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151.

## Discussion

In the present case, the government does not dispute the fact that the attempted burglary with which Provost was charged in Count II of the indictment occurred on land that was originally allotted to a member of the Yankton Sioux Tribe but has since "passed out of Indian hands." Brief for Appellee at 6, 7. In Gaffey, this court held that such lands are not Indian country within the meaning of 18 U.S.C. § 1151. 188 F.3d at 1030 ("[W]e hold that the Yankton Sioux Reservation has not been disestablished, but that it has been further diminished by the loss of those lands originally allotted to tribal members which has passed out of Indian hands."). In its arguments on appeal in the present case, the government conceded that, because the present case was pending on appeal at the time this court decided Gaffey, Provost's conviction for the attempted burglary would be invalid for lack of jurisdiction if either Gaffey were affirmed or the petition for writ of certiorari denied. Brief for Appellee at 8. Not only are we bound by the Gaffey decision, but also we cannot add to its very thorough and thoughtful reasoning. See 188 F.3d at 1013-30. We conclude that the government lacked authority to prosecute Provost in federal court for the state law offense of attempted third degree burglary as charged in Count II of the indictment.[3]

Provost next argues that the evidence at trial was insufficient as a matter of law to support his conviction on the firearm count. Specifically, he contends that there was insufficient evidence for the jury to find beyond a reasonable doubt that he knew or had reasonable cause to believe that the guns in question were stolen. Brief for Appellant at 7. We disagree. In reviewing the sufficiency of the evidence to support a jury's guilty verdict, this court views the evidence in the light most favorable to the verdict; we give the government the benefit of all reasonable inferences to be drawn from the evidence and will reverse only if there is no construction of the evidence that supports

_____

[3]We need not address Provost's alternative argument that attempted third degree burglary is not a crime covered by 18 U.S.C. § 1153.

the verdict.  See, e.g., United States v. Keltner, 147 F.3d 662, 668 (8th Cir.), cert. denied, 525 U.S. 1032 (1998).  In the present case, the evidence showed that Provost accompanied Rainbow and the juvenile to Ray Soulek's house, where the juvenile entered and stole three rifles, among other things.  Provost was present at all relevant times and, moreover, participated in conversations with the others about how they might sell the guns for cash.  Later, Provost himself used one of the three rifles taken from the Soulek residence to shoot out the front door of Rosie's.  It was certainly reasonable for the jury to conclude from the evidence that Provost possessed a firearm which he knew or had reasonable cause to believe was stolen.  Accordingly, we hold that the evidence was sufficient as a matter of law to support the jury's verdict finding Provost guilty beyond a reasonable doubt on Count III of the indictment.

Provost alternatively argues that his Count III conviction violates due process because the charges in Counts I, II, and III were tried together.  He argues that it was unduly prejudicial for the jury to be aware of the two burglary charges, especially the evidence of his involvement in the *planning* of the burglaries, where the planning did not involve the firearms and there was weak evidence that he knew or reasonably should have known the guns were stolen.  He concludes: "the evidence of the burglary plan could very well have swayed the jury."  Brief for Appellant at 8.  Again, we disagree.  We note that, at the time of Provost's trial, the law supported the view that the district court had jurisdiction over each of the three counts charged in the indictment.  More importantly, evidence concerning the two burglaries and the circumstances surrounding those burglaries would have been admissible to prove the firearm charge even if the burglaries had not been charged as separate offenses.  The facts and circumstances surrounding the burglary of the Soulek home were relevant to prove Provost's actual or constructive knowledge that the guns were stolen.  The facts and circumstances surrounding the burglary of Rosie's were relevant to prove that Provost possessed one of the guns.  See 18 U.S.C. § 922(j) (elements of possession of a stolen firearm include: (1) the defendant knowingly possessed the firearm, (2) the firearm was stolen, (3) the defendant knew or had reasonable cause to believe the

firearm was stolen, and (4) the firearm was shipped or transported in interstate commerce either before or after it was stolen).  Thus, because the evidence of both burglaries would have been admissible to prove the firearm charge, Provost was not prejudiced by the joinder of charges, and any technical error was harmless beyond a reasonable doubt.

Finally, Provost argues that the district court erred in failing to give him a two-level sentencing reduction under U.S.S.G. § 3B1.2(b), for being a minor participant in the offense.  The pertinent count of conviction is the firearm count under 18 U.S.C. § 922(j).  As noted, the evidence at trial showed that Provost himself used one of the stolen firearms to shoot out the front door of Rosie's in an effort to gain access to the premises.  Because Provost's § 922(j) conviction was largely based on *that* conduct, not just the burglary of the Soulek home, the district court found that Provost's role in the relevant offense did not qualify as minor participation under U.S.S.G. § 3B1.2(b).  Upon review, we hold that the district court's finding was not clearly erroneous.

## Conclusion

For the reasons stated, we vacate Provost's conviction and sentence on Count II of the indictment, we affirm the judgment in all other respects, and we remand the case to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.