# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1973

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Joseph Paul Daniels, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 8, 2002

Filed: November 25, 2002

_____

Before WOLLMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Joseph Paul Daniels appeals from his conviction in district court[1] for possession of stolen firearms in violation of 18 U.S.C. § 922(j) and for possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). We affirm.

---

[1]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit Court of Appeals.

# I.

Arriving home for lunch on November 1, 2000, Lisa Erickson observed Daniels sitting in a blue Pontiac parked in a no parking zone behind her Dubuque, Iowa, home. As Erickson approached the house, she noticed that the front door was open, with the dead bolt still protruding from the door. She heard the rear door close and then noticed that her husband's gun cabinet was open and empty. After retrieving a cordless phone and dialing 911, Erickson exited the rear door and described the blue Pontiac to the 911 operator as the vehicle slowly pulled away. A neighbor had contemporaneously observed a man leaving the rear of the Ericksons' home carrying a large object wrapped in a blanket. Upon reentering her home, Ms. Erickson determined that several guns, a floral rug, and a floral comforter were missing.

Responding to the radio call, Officer Ed Baker soon located the blue Pontiac a few blocks away from the Ericksons' house. Baker engaged his lights and positioned his patrol car in front of the Pontiac. As he stepped out of his patrol car, Baker observed Daniels in the driver's seat and a second man in the front passenger seat of the Pontiac. Ignoring Baker's command to stop, Daniels instead drove over the curb and sped away. Given the residential nature of the area, Baker soon discontinued his initial high speed pursuit. He lost sight of the Pontiac, but located it again a short time later after it had been abandoned. The investigating officers recovered four shotguns, two handguns, a rifle, a comforter, and a throw rug along the street leading up to the car. A leather holster was found between the split front seats of the Pontiac. All of these items, with the exception of one of the handguns, were identified by the Ericksons as having been stolen from their home. Within a few hours after the burglary, Daniels was found hiding in his sister's house, still in possession of the Pontiac's keys.

## II.

Daniels contends that the government presented insufficient evidence to support his convictions. The standard of review for such a challenge is strict. We view the evidence in a light most favorable to sustaining the verdict and reverse only if the jury must have had a reasonable doubt about an element of the crime. United States v. Allen, 297 F.3d 790, 796 (8th Cir. 2002). Circumstantial evidence alone can be the basis for a conviction. United States v. Becht, 267 F.3d 767, 775 (8th Cir. 2001). "The evidence need not exclude every reasonable hypothesis except guilt." United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992). To convict Daniels under 18 U.S.C. § 922(j), the government was required to prove that (1) he knowingly possessed a firearm; (2) the firearm was stolen; (3) he knew or had reason to know the firearm was stolen; and (4) the firearm had been shipped or transported in interstate commerce. United States v. Provost, 237 F.3d 934, 938 (8th Cir. 2001). To convict Daniels under 18 U.S.C. § 922(g)(1), the government must prove that (1) he had been convicted of a crime punishable by more than one year in prison; (2) he knowingly possessed a firearm; and (3) the firearm had been shipped or transported in interstate commerce. United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999). Daniels stipulated to a prior felony conviction and to the weapons' shipment in interstate commerce; thus, the only issue was whether Daniels had knowingly possessed one or more firearms that he knew or had reason to know had been stolen.

From the foregoing summary, it is clear that the government presented ample evidence that Daniels knowingly possessed firearms and that he knew or had reasonable cause to believe the firearms were stolen.

The conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.