# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1262

_____

United States of America,

          Appellee,

v.

Dennis A. Jackson,

          Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: August 31, 2004
Filed: September 14, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Dennis Jackson entered a conditional guilty plea to a seven-count indictment charging him with assault, drug, and firearm offenses. He was sentenced to a total of 271 months imprisonment and 5 years supervised release. On appeal, Jackson challenges the district court's[1] denial of his motion to suppress evidence seized pursuant to a warrant, arguing (1) there existed insufficient probable cause, (2) the

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

federal agents failed to knock and announce their intentions properly as required by 18 U.S.C. § 3109, and (3) the federal agents obtained a warrant to search for firearms as a pretext to search for drugs. For the reasons that follow, we affirm.

Reviewing for clear error the district court's factual findings and de novo its legal conclusions based on those facts, we find that a substantial basis existed for concluding that the search would uncover evidence of wrongdoing, given the existence of specific incriminating information furnished by a cooperating individual who had proven reliable in the past, along with corroborating evidence. See United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002) (standard of review; judicial determination of probable cause will be upheld if there was substantial basis for concluding that search would uncover evidence of wrongdoing); United States v. Goodson, 165 F.3d 610, 614 (8th Cir. 1999) (statements of reliable confidential informant are themselves sufficient to support probable cause for search warrant; reliability of informant can be established if person has history of providing law enforcement officials with truthful information).

We also agree with the district court that the federal officers, who attempted to telephone Jackson and repeatedly knocked and yelled, "Police, search warrant," before breaking open the door, did not violate section 3109. See 18 U.S.C. § 3109; United States v. Lucht, 18 F.3d 541, 548-49 (8th Cir. 1994) (standard of review; upholding finding that § 3109 was not violated where officers had been constructively refused admittance by occupants' silence for 20 seconds after officers knocked and announced their presence and purpose). Finally, the officers' expectation that they would find drugs while searching for unlawful firearms did not undermine the validity of the warrant to search for firearms. See United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996).

Accordingly, we affirm.

_____