# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3904

———————

United States of America,   *

    Appellee,   *

   v.   *   Appeal from the United States
   *   District Court for the Western
   *   District of Missouri.

Joseph Wilson,   *

   *   [UNPUBLISHED]

    Appellant.   *

———————

Submitted: April 17, 2009
Filed: April 30, 2009

———————

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Joseph Wayne "Murdock" Wilson pled guilty, under a plea agreement, to one count of possession of firearms and ammunition by a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1)-(2). With a Guidelines range of 180 to 210 months, the district court[1] sentenced Wilson to 180 months' imprisonment, the mandatory minimum. *See* 18 U.S.C. § 924(e)(1). Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

———————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

First, Wilson asserts that his prior conviction for attempted burglary is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). He acknowledges that the Supreme Court found attempted burglary to be a violent felony in *James v. United States*, 550 U.S. 192 (2007). According to Wilson, the Supreme Court altered the *James* holding in *Begay v. United States*, 128 S.Ct. 1581 (2008). Attempted burglary is not a violent felony, he concludes, because it does not typically involve purposeful, violent, and aggressive conduct.

The Court's opinion in *Begay* cites *James* approvingly. *See Begay*, 128 S.Ct. at 1584 (citing *James* and stating that "attempted burglary is a violent felony"). The *James* opinion "considered only matters of degree," whereas *Begay* addressed whether crimes unlisted in § 924(e) must be "similar" to the listed ones. *Id.* at 1585. *See United States v. Williams*, 537 F.3d 969, 972 (8th Cir. 2008) ("*Begay* . . . requires that our analysis focus on whether" prior convictions "are similar in kind to the example crimes."). *Begay* does not overrule *James*.

Second, Wilson argues that the district court erred by denying his request for a hearing to challenge the search warrant, citing *Franks v. Delaware*, 438 U.S. 154 (1978).

> We apply a two-part test to allegations of omissions of fact in violation of *Franks,* requiring the defendant to show that the affiant omitted facts with the intent to make, or in reckless disregard of whether the omissions made, the affidavit misleading, and that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.

*United States v. LaMorie*, 100 F.3d 547, 555 (8th Cir. 1996). This court reviews the denial of a *Franks* hearing for abuse of discretion. *United States v. Kattaria*, 553 F.3d 1171, 1177 (8th Cir. 2009) (per curiam) (en banc).

Wilson asserts that the warrant application omitted three material facts: (1) the confidential informant is a cocaine user; (2) the C.I. received a shot for her knee on the day of the interview, affecting her mental state; and (3) the C.I. was hostile towards Wilson. Even if true, these omissions do not require a *Franks* hearing. There is no evidence that police omitted the facts with the intent to make, or in reckless disregard of whether the omissions made, the affidavit misleading. Likewise, there is no evidence that the C.I.'s drug use or knee injection affected her ability to relay accurate information to police. *See United States v. Allen*, 297 F.3d 790, 795-96 (8th Cir. 2002) (fact that informant consumed methamphetamine was irrelevant when officer testified that she was "lucid and coherent"). Finally, the C.I.'s identity would have been revealed if the warrant application detailed her relationship with Wilson. The district court did not abuse its discretion.

The judgment is affirmed.

_____