**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3429

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| William Dennis Echols, also known as | * | |
| William D. Harris, also known as | * | |
| Larry D. Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 1998

Filed: May 21, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury convened in district court[1] found William Dennis Echols guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) & 924(e)(1). Echols appeals from his conviction, challenging the sufficiency of the evidence. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

On the evening of November 29, 1996, police witnessed gunfire coming from a street corner in Minneapolis, Minnesota. The officers immediately confronted two suspects who were walking swiftly from the scene. The suspects paused for a moment, then took flight in different directions. After a brief chase, Echols was apprehended in a nearby alley. The arresting officer had never lost sight of Echols as he ran and observed him reaching for his waistband several times. Police recovered a Colt .357 magnum revolver from the site in the alley where Echols had struggled before being subdued. Two rounds of ammunition had been expended from the loaded revolver.

To support the conviction, the government had the burden of proving: (1) that Echols had previously been convicted of a felony; (2) that he thereafter possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce. See United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996); United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993). Having previously been convicted of several armed robberies, as well as of kidnapping, assault, and attempted murder, Echols challenges the evidence regarding the second element only. We will uphold a conviction when, viewing the evidence in the light most favorable to the verdict, a reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt. See United States v. Diaz-Diaz, 135 F.3d 572, 577 (8th Cir. 1998).

Echols essentially challenges the credibility of officers who variously testified that they witnessed the gunfire, confronted Echols, chased him, observed him reach for his waistband as he fled, apprehended him, struggled with him, and recovered the revolver where the struggle occurred. It is well settled that the credibility of witnesses is a matter to be resolved by the jury. See United States v. Parker, 32 F.3d 395, 399 (8th Cir. 1994); United States v. Williams, 897 F.2d 1430, 1432 (8th Cir. 1990). We conclude that the record is replete with evidence sufficient to support Echols's conviction beyond any reasonable doubt. See, e.g., Anderson, 78 F.3d at 423-24; United States v. Rankin, 902 F.2d 1344, 1345-46 (8th Cir. 1990) (sufficient direct and circumstantial evidence supported defendant's conviction of being felon in possession

of firearm where police officers testified that defendant dropped dark object to ground and one officer retrieved gun from that location).

The judgment is affirmed.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In his brief, Echols purports to preserve both a challenge to the jury instructions and an appeal from the sentence imposed by the district court, pending discovery of authority to support his positions. Because no argument or authority has been forthcoming, we hold that these issues are waived. See, e.g., United States v. Richards, 118 F.3d 622, 624 (8th Cir. 1997) (declining to consider defendant's argument where he failed to direct court's attention to any relevant cases or to state any legal principles that he believed supported his position).