# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1235

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Susan J. McEvoy, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   June 13, 2002

Filed:   July 16, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Susan McEvoy appeals from her conviction of conspiracy to distribute methamphetamine, a violation of 21 U.S.C. §§ 846, 841(a)(2), and 841(b)(1)(A). She contends that the evidence was insufficient to support her conviction and that the district court[1] improperly admitted testimony from certain witnesses.  We affirm.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

The evidence against McEvoy consisted primarily of the testimony of Robert Smiley, a drug dealer who testified pursuant to a plea agreement reached with the government in his case. Smiley testified that McEvoy was one of the persons who distributed methamphetamine for him, that he delivered drugs to McEvoy at a car wash in Gretna, Nebraska, that he set up drug deals with McEvoy over the phone, that he never called her other than to set up drug deals, that he sold her approximately 112 ounces of methamphetamine over the course of two years, and that he sold her amounts far in excess of what an individual user would need. In corroboration of Smiley's testimony, the government introduced a tape of a phone call, arranged and recorded by the government, during which Smiley and McEvoy arranged to meet, as well as a tape recording of that meeting, at which McEvoy agreed to purchase one pound of methamphetamine. Thomas New, a co-conspirator, testified that on one occasion he accompanied Smiley to the car wash to meet McEvoy, that Smiley told him he had to "drop something off to her," and that he saw Smiley give McEvoy some paper towels. A Drug Enforcement Administration intelligence analyst testified that McEvoy and Smiley had called each other thirty-five times in a six-month period. A narcotics enforcement officer testified regarding the tape-recorded phone call and meeting, stating that the information given to him by Smiley was consistent with the information given to him by New.

In reviewing a challenge to the sufficiency of the evidence, we will uphold a conviction when, viewing the evidence in the light most favorable to the verdict, a reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt. United States v. Echols, 144 F.3d 584, 585 (8th Cir. 1998).

McEvoy contends that the evidence was insufficient because Smiley, the government's principal witness, had the incentive to lie and in fact had lied to law enforcement officers in interviews and to the court in prior testimony. Smiley's credibility, however, was an issue for the jury to determine, id., and we cannot say that his testimony was so inherently incredible as to be unworthy of belief.

McEvoy points to the government's failure to present evidence from persons who had purchased drugs from her or had seen her selling drugs. This challenge also fails, however, because the other evidence presented at trial was sufficient to support an inference that McEvoy sold drugs. That evidence included testimony from other witnesses and McEvoy's recorded statements that she purchased quantities of methamphetamine in excess of personal use amounts, that she paid more for the drugs than she earned from her housecleaning job, that she would have more money shortly after getting a pound of drugs from Smiley, and that she told Smiley she was selling drugs.

McEvoy also contends that the district court erred in allowing New and the various law enforcement officers to testify, because their testimony improperly bolstered Smiley's credibility and thus interfered with the jury's duty to evaluate Smiley's credibility. We review decisions regarding the admissibility of evidence under an abuse of discretion standard. United States v. Claxton, 276 F.3d 420, 422 (8th Cir. 2002). New's testimony that Smiley told him he was dropping off something for McEvoy was properly admitted as a co-conspirator statement. See United States v. Jordan, 260 F.3d 930, 933 (8th Cir. 2001) (co-conspirators' statements describing source of drugs and current developments in the conspiracy admissible). The officers' testimony described the course of the investigation and the steps they took to verify what Smiley had told them. The fact that their testimony served to enhance Smiley's credibility does not render their statements inadmissible. See United States v. Beck, 122 F.3d 676, 681 (8th Cir. 1997) (investigating officer allowed to testify as to statements another witness made to him where those statements bolstered the witness's credibility). Thus, the district court did not abuse its discretion in admitting the challenged testimony.

The conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.