# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2069

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Joe Dee Couch, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 8, 2002

Filed: November 25, 2002

_____

Before WOLLMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Couch was convicted of conspiracy to distribute methamphetamine, in violation of 28 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Couch appeals the district court's[1] determination that he was a career offender and its denial of his trial and post-trial motions challenging the sufficiency of the evidence to support his conviction. We affirm.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

## I.

Couch challenges the district court's determination that he was a career offender under USSG § 4B1.1 for the purposes of sentencing. "We review the application of the guidelines . . . de novo and factual findings for clear error." United States v. Gomez, 271 F.3d 779, 781 (8th Cir. 2001) (citations omitted).

Couch contends that the district court improperly construed his conviction of aggravated misdemeanor assault in 2000 as a prior felony conviction for a "crime of violence" such that he was classified as a career offender under the sentencing guidelines. See USSG § 4B1.1. To be sentenced as a career offender, a defendant must have been at least eighteen years old at the time of the offense for which he is being sentenced and have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Moreover, the offense for which the defendant is being sentenced must be a "felony that is either a crime of violence or a controlled substance offense." USSG § 4B1.1. Under § 4B1.1, a prior adult federal or state conviction qualifies as a prior felony conviction if the offense is "punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, cmt. n.1 (2002); United States v. Taylor, 98 F.3d 768, 773 n.2 (3d Cir. 1996). Couch was convicted as an adult of both aggravated assault, which carries a prison sentence of two years, and continuing criminal enterprise, a controlled substance offense that carries a sentence of ten years. Accordingly, the district court did not err in classifying Couch as a career offender under § 4B1.1.

## II.

We review Couch's challenge to the sufficiency of the evidence de novo, considering the evidence in the light most favorable to the verdict and taking all

reasonable inferences supporting the verdict as established. <u>United States v. Shoffner</u>, 71 F.3d 1429, 1433 (8th Cir. 1995). We "will uphold the conviction if . . . a reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt." <u>United States v. Allen</u>, 297 F.3d 790, 796 (8th Cir. 2002) (citing <u>United States v. Echols</u>, 144 F.3d 584, 585 (8th Cir. 1998)). To convict Couch of conspiracy to distribute methamphetamine, the government was required to prove that a conspiracy to distribute methamphetamine existed, of which Couch was knowingly and intentionally a member. <u>United States v. Hernandez</u>, 299 F.3d 984, 988 (8th Cir. 2002). After a careful review of the record, we conclude that a reasonable jury could find beyond a reasonable doubt that Couch knowingly and intentionally participated in a conspiracy to distribute methamphetamine.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.