**UNITED STATES of America,**
**Appellee,**

v.

**William Delee HARDY, Appellant.**

No. 04–1875.

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 15, 2004.

Filed: Dec. 28, 2004.

Timothy S. Ross–Boon, argued, Des Moines, Iowa, for appellant Attorney Federal Public Defender.

William C. Purdy, argued, Des Moines, Iowa, for appellee Asst. U.S. Attorney.

Before SMITH, LAY, and BENTON, Circuit Judges.

BENTON, Circuit Judge.

█ William Delee Hardy was sentenced to 57 months imprisonment and two years supervised release after pleading guilty to possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a) and 5861(d). Hardy appeals the district court's[1] two-level increase under U.S.S.G. § 2K2.1(b)(3). This court reviews de novo a district court's application of the sentencing guidelines, and its factual findings for clear error. *See United States v. Rohwedder,* 243 F.3d 423, 425 (8th Cir.2001). Jurisdiction being proper under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this court affirms.

The Sentencing Guidelines for firearms offenses state: "If the offense involved a destructive device, increase by 2 levels." U.S.S.G. 2K2.1(b)(3). Hardy claims that the shotgun he possessed is not a "destructive device" as defined in 26 U.S.C. § 5845(a), and Application Note 4 of U.S.S.G. § 2K2.1.

Application Note 4 provides:

"Destructive device" is a type of firearm listed in 26 U.S.C. § 5845(a),and includes any explosive, incendiary, or poison gas-(i) bomb, (ii) grenade, (iii) rocket having an explosive or incendiary charge of more than one-quarter ounce, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses; any type of weapon which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; or any combination of parts either designed or intended for use in converting any device into any destructive device listed above. For a more detailed definition, refer to 26 U.S.C. § 5845(f).

U.S.S.G. § 2K1.1, cmt. n.4 (2004).

Hardy focuses on 26 U.S.C. § 5845(a), which has eight subsections. Subsections (1) and (2) define "firearm" to mean short-barreled shotguns. Subsection (8) separately defines "firearm" as a "destructive device." Hardy reasons that by distinguishing short-barreled shotguns from destructive devices in section 5845(a), Congress intended that the term *destructive device* not include a shotgun.

To the contrary, for purposes of section 5845(a), Congress expressly defined "destructive device" in section 5845(f) as:

(2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; . . .

26 U.S.C. § 5845(f)(2). This definition of "destructive device" includes most shotguns not found particularly suitable for sporting purposes. *See United States v. Lee,* 351 F.3d 350, 351 n. 1 (8th Cir.2003).

---

1. The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Neither side points to any finding by the Secretary. *See United States v. Allegree,* 175 F.3d 648, 651 (8th Cir.1999) (sawed-off shotguns are inherently dangerous and lack usefulness except for violent and criminal purposes); *United States v. Linson,* 276 F.3d 1017, 1019 (8th Cir.2002) (sawing off a shotgun hinders, rather than aids, sport shooting).

Hardy also invokes the difference in punishment between convictions involving short-barreled shotguns, and those involving destructive devices, in 18 U.S.C. § 924(c)(1)(B). As Hardy was convicted of violating 26 U.S.C. § 5861(d)—not 18 U.S.C. § 924(c)—this argument is irrelevant. *See United States v. Wynn,* 365 F.3d 546, 550 (6th Cir.2004).

In this case, Hardy stipulated, in the plea agreement, that he possessed a 10–gauge double-barrel shotgun, with a barrel-length of less than 18 inches, and overall length less than 26 inches. It is a "destructive device" under U.S.S.G. § 2K2.1(b)(3).

The district court did not err in imposing a two-level enhancement. Hardy's sentence is affirmed.