# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1158

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Dewayne Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 17, 2004
Filed:  May 12, 2005

_____

Before WOLLMAN, RICHARD S. ARNOLD,[1] and BYE, Circuit Judges.

_____

PER CURIAM.

Dewayne Williams appeals from his conviction and sentence for being a felon in possession of a firearm, a violation of 18 U.S.C. §922(g).  We affirm.

## I.

Williams was walking down a street when he was approached by four officers from the St. Louis Metropolitan Police Department riding in a marked police car. Shortly after seeing the officers, Williams began running through a yard adjacent to

_____

[1]The Honorable Richard S. Arnold died on September 23, 2004. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

the street. Two officers began a foot chase, during which one of them saw Williams remove a handgun from his front waistband area and toss it to the ground. The officer retrieved the gun and continued his pursuit. After overcoming Williams, the officer placed him under arrest and discovered crack cocaine and marijuana during a search incident to arrest.

Prior to trial, Williams sought to exclude evidence of the crack cocaine and marijuana obtained from the search incident to arrest. Williams argued that the prejudicial effect of this evidence outweighed its probative value. The district court[2] admitted the evidence as intrinsic evidence not governed by Federal Rule of Evidence 404(b) and reasoned in the alternative that the evidence was admissible under the rule.

Following Williams's conviction, the district court sentenced him to ten years' imprisonment. Williams challenges the district court's admission of evidence and its enhancements to his sentence.

## II.

The facts and arguments related to the district court's admission of the drug evidence closely resemble those we addressed in United States v. Rankin, 902 F.2d 1344 (8th Cir. 1990). We concluded in Rankin that the defendant's drug possession was part of the same criminal event as his gun possession. Id. at 1346. We held in the alternative that the evidence was admissible to show motive under Rule 404(b). Id. Those principles control here.

---

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

## III.

Williams challenges, under the auspices of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), enhancements to his sentence based on the district court's determinations that his past convictions were for "crimes of violence," as defined in section 4B1.2 of the sentencing guidelines, and that he had used the firearm in connection with another felony within the meaning of section 2K2.1(b)(5). Because Williams did not preserve these challenges by timely objecting below, we review the district court's rulings for plain error. <u>United States v. Pirani</u>, No. 03-2871, slip op. at 6 (8th Cir. April 29, 2005) (en banc).

### A.

Because the district court's enhancements for past crimes of violence were based upon facts of prior convictions, this aspect of Williams's argument fails to implicate constitutional concerns. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). The Presentence Investigation Report indicates that Williams has two prior adult convictions for burglary (for offenses committed when he was a minor). These constitute crimes of violence under the guidelines. <u>See</u> U.S.S.G. § 4B1.2, application note 1 ("A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted."). Accordingly, the district court did not err in enhancing the sentence on the basis of Williams's prior convictions.

### B.

To resolve Williams's remaining challenge to his sentence, we must conduct plain error review under the four-part test of <u>United States v. Olano</u>, 507 U.S. 725 (1993). Pursuant to that test, before we can correct an error not raised at trial, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. <u>Johnson v.</u>

United States, 520 U.S. 461, 466-67 (1997). If all three conditions are met, we may remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The district court's enhancement based on the fact that Williams had used the firearm he was found to have possessed in connection with another felony was erroneous in light of Booker. Under these circumstances, the first two Olano factors are satisfied. See Pirani, slip op. at 8. Whether the error affected Williams's substantial rights is another matter. In order to satisfy this factor of Olano, "the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 11.

After accounting for his prior convictions, Williams's base offense level of 24 and his criminal history category of VI resulted in a sentencing range of 100-125 months. The district court's finding pertaining to the firearm resulted in a four-level upward adjustment, which produced a sentencing range of 140-175 months. Because the low end of the sentencing range exceeded the statutory maximum of 120 months under 18 U.S.C. § 924(a)(2), the parties did not dispute that the appropriate sentence was 120 months.[3]

Williams implies that, had the district court considered the appropriate range of 100-125 months, it could have imposed a sentence lower than the statutory maximum. We do not believe, however, that this assertion by itself demonstrates a reasonable probability that Williams would have received a more favorable sentence. Prior to sentencing Williams, the district court observed that:

---

[3]At sentencing, Williams's attorney stated that "[t]he Guidelines obviously exceed the statutory maximum, so I think the only sentence the Court can impose in this matter under the Guideline structure is 120 months and I expect that's what the Court will do." Sen. Tr. at 4.

Based upon the serious nature of the instant offense, which involved a felon in possession of a firearm, and in consideration of defendant's significant criminal history that includes convictions for two burglaries second-degree offenses, two tampering first-degree offenses, two assault third-degree offenses, two misdemeanor stealing offenses and a felony stealing offense, the [120 month] sentence would seem to address the sentencing objectives of punishment, general deterrence, and incapacitation.

Sen. Tr. at 5. The district court then imposed the statutory maximum of 120 months, which falls within the range of 100-125 months that it would have considered absent the Booker error. We conclude that, under these circumstances, Williams has not demonstrated prejudicial plain error under Olano.

The sentence is affirmed.

_____