# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2075

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Lester Jefferson, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: November 14, 2006
Filed: November 22, 2006

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lester Jefferson appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jefferson contends there was insufficient evidence to support the jury's finding he possessed the gun. For the reasons discussed below, we affirm the district court.[1]

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In the early morning of December 26, 2005, after an altercation at a bar with Orlando Fisher, Jefferson and his cousin Demarco Harris drove to the Fisher residence. During an ensuing argument in Mr. Fisher's driveway, both Mr. Fisher and his wife heard Harris repeatedly ask Jefferson to "give [him] the gun" and saw him attempt to reach into Jefferson's coat. They heard Jefferson respond by saying "No" and saw him move his arm and hold his coat. Shortly thereafter, Mrs. Fisher called the police. Upon arriving at the scene, Waterloo Police Sergeant Frank Krogh observed Jefferson and Harris walking down the Fisher driveway and observed Mr. Fisher holding a baseball bat, pointing towards Jefferson and Harris, and yelling: "He's got a gun!" Sergeant Krogh twice ordered Jefferson to stop and he did not comply. Sergeant Krogh observed Jefferson turn into a neighbor's driveway and walk around the driver's side of a parked van. At this time, Waterloo Police Officer Albert Bovy arrived on the scene and observed Jefferson walking away from Sergeant Krogh and toward the van. From her porch, Mrs. Fisher saw Jefferson walk down the neighbor's driveway and, while standing in front of the van, bend down and toss something under the van. At this point, Officer Bovy drew his weapon and ordered Jefferson to come out. Jefferson complied, walking from the front of the van around the passenger's side and onto the sidewalk. Shortly thereafter, Sergeant Krogh surveyed the scene. As it had just snowed that night, the ground was covered with light fresh snow. Both Sergeant Krogh and Officer Bovy observed a single set of footprints in the snow around the van. Sergeant Krogh followed Jefferson's footprints around the van and found a handgun under the front of the van near the passenger front tire.

"The standard of review of an appeal concerning sufficiency of the evidence is very strict, and the verdict of the jury should not be overturned lightly." United States v. Espino, 317 F.3d 788, 791 (8th Cir. 2003). We view the evidence in the light most favorable to the verdict, resolving evidentiary conflicts in favor of the government and accepting all reasonable inferences drawn from the evidence which support the jury's

verdict. Id. at 792. We will reverse only if no reasonable jury could have found the accused guilty beyond a reasonable doubt. Id.

Jefferson contends there was insufficient evidence to support the jury's finding he possessed the handgun because no witness saw him in possession of a firearm or heard him say he had a firearm. Furthermore, he notes no effort was made to compare his footprints with those in the snow and, although the gun was analyzed for fingerprints, no usable prints were found. We are not persuaded by Jefferson's arguments. We have repeatedly held there is sufficient evidence to support a conviction for felon in possession where a gun was immediately recovered from the location where the defendant was observed dropping something. See United States v. Light, 406 F.3d 995, 998 (8th. Cir. 2005) (finding sufficient evidence of possession where officers and bystanders observed the defendant drop several items on the ground during pursuit and a bystander recovered a firearm from the location where the bystander observed the defendant stumble and the officers observed him drop something); United States v. Echols, 144 F.3d 584, 585 (8th Cir. 1998) (finding sufficient evidence where officers pursued the defendant, observed him reach for his waistband as he fled, apprehended him, struggled with him, and recovered a revolver in the alley where the struggle occurred); United States v. Rankin, 902 F.2d 1344, 1345-46 (8th Cir. 1990) (finding sufficient evidence where two officers observed the defendant bring his hands to the front of his waist and drop a dark object and an officer later found a dark handgun at that location). The only cognizable difference between these cases and the one at hand, is the fact that a bystander rather than an officer observed Jefferson drop something. This is insufficient to render the above-cited cases distinguishable. To the extent Jefferson challenges the credibility of either Mrs. Fisher or the officers, it is well-settled the credibility of witnesses is a matter to be resolved by the jury rather than by this court on review. Echols, 144 F.3d at 585. Jefferson's argument regarding the absence of useable fingerprints on the firearm meets a similar fate. See Light, 406 F.3d at 995 (finding sufficient evidence under similar facts where no usable prints were found on the gun after it was recovered).

-3-

Our review of the record reveals a wealth of circumstantial evidence showing possession—much more evidence than in the above-cited cases. Here, in addition to testimony Jefferson dropped something at the gun's location, officers testified they observed a lone set of footprints in the freshly driven snow leading to and from this location. Furthermore, Mr. and Mrs. Fisher testified Harris asked Jefferson to "give [him] the gun" and saw Harris attempt to reach into Jefferson's coat. Jefferson responded by saying "No," moving his arm and holding his coat. The jury could have characterized this response as an adoptive admission. See United States v. Kehoe, 310 F.3d 579, 590-91 (8th Cir. 2002) (finding bystander's statement to be the defendant's own, because he did not contradict or deny it). We conclude the record is replete with evidence sufficient to support Jefferson's conviction beyond a reasonable doubt.

We therefore affirm the district court.

_____