BENTON, Circuit Judge.
 

 Darius D. Nickelous was convicted of unlawfully possessing a firearm in violation of
 
 18 U.S.C. §§ 922
 
 (g)(1), 922(g)(3), 922(g)(9), and 924(a)(2). The district court
 
 [1]
 
 sentenced him to 120 months' imprisonment. He appeals his conviction. Having jurisdiction under
 
 28 U.S.C. § 1291
 
 , this court affirms.
 

 I.
 

 Nickelous was convicted of unlawfully possessing a firearm after a shooting at a fraternity party. He claims the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient. This court reviews de novo the "denial of a motion for judgment of acquittal."
 

 United States v. Roberts
 

 ,
 
 881 F.3d 1049
 
 , 1052 (8th Cir. 2018). The evidence is viewed "in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences."
 

 United States v. Casteel
 

 ,
 
 663 F.3d 1013
 
 , 1019 (8th Cir. 2011). Reversal is appropriate "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."
 

 Id.
 

 Nickelous stipulated to all elements of conviction except possession of a firearm.
 
 See
 

 United States v. Anderson
 

 ,
 
 78 F.3d 420
 
 , 422 (8th Cir. 1996) (to convict "under
 
 18 U.S.C. § 922
 
 (g)(1), the government had to show beyond a reasonable doubt that (1) he had been convicted of a felony; (2) he thereafter possessed a firearm; and (3) the firearm had traveled in or affected interstate commerce"). The government produced as evidence of possession: (1) Nickelous admitted attending a fraternity party and having an altercation there; (2) his former classmate testified she heard a gunshot at the party and then saw Nickelous, wearing a red sweatshirt, waving a silver revolver; (3) two other people at the party-one a security guard and the other a member of the Army National Guard-testified the shooter was wearing a red sweatshirt; (4) a police officer testified that multiple partygoers reported a shooting by a man wearing a red sweatshirt; (5) another officer, who found Nickelous 200 feet from the party (wearing a red sweatshirt), testified that he saw Nickelous drop a metal object next to a
 pickup truck; (6) the officer testified that Nickelous refused to stop when ordered; (7) the officer found a silver revolver in the spot where Nickelous dropped the object; and (8) when officers apprehended Nickelous, his hand was bleeding, and he said he had "gotten his ass kicked at the party."
 

 Nickelous questions his classmate's credibility, arguing her testimony is biased and based on "assumptions and prejudices." However, "[t]his court does not weigh the credibility of the witnesses or the evidence. The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict."
 

 United States v. Aldridge
 

 ,
 
 664 F.3d 705
 
 , 715 (8th Cir. 2011) (internal citation omitted).
 

 Nickelous also challenges the conviction because there was no physical evidence. But "there is sufficient evidence to support a conviction for felon in possession where a gun was immediately recovered from the location where the defendant was observed dropping something."
 

 United States v. Jefferson
 

 ,
 
 206 Fed. Appx. 654
 
 , 655 (8th Cir. 2006).
 
 See
 

 United States v. Bailey
 

 ,
 
 831 F.3d 1035
 
 , 1039 (8th Cir. 2016) (holding evidence was sufficient where a firearm was recovered "along the route" of defendant's flight within 45 minutes of his apprehension);
 

 United States v. Light
 

 ,
 
 406 F.3d 995
 
 , 997-98 (8th Cir. 2005) (holding evidence was sufficient where police "recovered a gun from the alley" where defendant was apprehended even though no one saw him drop it or "kept an eye on the spot where the gun was found").
 

 The district court did not err in finding the evidence sufficient to convict.
 

 II.
 

 Nickelous argues the district court erred in excluding expert testimony on eyewitness identification. "This court reviews the exclusion of expert testimony for abuse of discretion."
 

 United States v. Martin
 

 ,
 
 391 F.3d 949
 
 , 954 (8th Cir. 2004). "Expert testimony is admissible only if the expert 'is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.' "
 

 Id.
 

 ,
 
 quoting
 

 Daubert v. Merrell Dow Pharm.
 

 ,
 
 509 U.S. 579
 
 , 592,
 
 113 S.Ct. 2786
 
 ,
 
 125 L.Ed.2d 469
 
 (1993) ; Fed. R. Evid. 702. The district court "has broad discretion" in balancing the reliability and probative value of evidence "against its prejudicial effect."
 

 United States v. Kime
 

 ,
 
 99 F.3d 870
 
 , 883 (8th Cir. 1996).
 

 Nickelous's expert opined that there was "a high probability that without conscious intent" and " no intentional bias," the classmate "misconstrued some other object like a phone as a gun." The district court excluded the proposed testimony because it would not assist the trier of fact. "The evaluation of eyewitness testimony is for the jury alone. It is the exclusive province of the jury to determine the believability of a witness. ... An expert is not permitted to offer an opinion as to the believability or truthfulness of a victim's story."
 

 Id
 

 . at 884 (internal quotation marks omitted). Defense counsel is "capable of exposing to the jury any potentially unreliable bases underlying" the eyewitness identification "through cross examination."
 

 Id.
 

 The district court also excluded the evidence because its limited relevance was outweighed by the danger of misleading the jury. As in
 
 Kime
 
 , "the district court properly recognized the very real danger that the proffered expert testimony could either confuse the jury or cause it to substitute the expert's credibility assessment for its own."
 

 Id.
 

 The district court did not abuse its discretion in excluding the testimony here, especially because the conviction
 did not rest solely on the classmate's eyewitness testimony.
 
 See
 

 United States v. Davis
 

 ,
 
 260 F.3d 965
 
 , 970 (8th Cir. 2001) (holding that, like here, the district court did not err by excluding an eyewitness identification expert because this court is "especially hesitant to find an abuse of discretion unless the government's case against the defendant rested exclusively on uncorroborated eyewitness testimony").
 

 * * * * * * *
 

 The judgment is affirmed.
 

 The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.