# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3732
_____

United States of America

*Plaintiff - Appellee*

v.

Brady Austin Rogers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: January 14, 2021
Filed: February 4, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Brady Austin Rogers was indicted on three counts: Count One charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); Count Two charged him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and Count Three

charged him with receiving and possessing a firearm made from a shotgun, in violation of 26 U.S.C. §§ 5841, 5845, 5861(c), 5861(d), and 5871. Rogers pled guilty to Count Two and proceeded to trial on the other counts. At trial, the only contested issue was whether Rogers knowingly possessed a sawed-off shotgun found under the backseat of his truck. The jury convicted Rogers on both counts, and the court[1] sentenced him to concurrent terms of 96 months' imprisonment on each count. The court varied from the applicable advisory Sentencing Guidelines range, which was 110 to 120 months, based on Rogers' chemical dependency, lack of guidance as a youth, and mental and emotional condition.

On appeal, Rogers argues the evidence was insufficient to support the jury's verdict; the court erred when it applied to his Sentencing Guidelines range a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense; and the court erred when it applied to his Sentencing Guidelines range a two-level enhancement under U.S.S.G. § 2K2.1(b)(3)(B) for possessing a destructive device. Finding sufficient evidence in the record to support the jury's verdict and no error in the district court's Sentencing Guidelines calculation, we affirm.

West Burlington Police Officer Edward Parker ran the license plate of a silver Chevrolet Silverado as part of an ongoing investigation into stolen vehicles in the area. Rogers was one of the vehicle's registered owners. According to the National Crime Information Center database, Rogers had an active warrant for his arrest. Because no one was inside the vehicle, Officer Parker retrieved the driver's license photograph of Rogers, alerted another officer in the area of the situation, and conducted surveillance on the vehicle. When Officer Parker saw the truck start to drive away, with a female in the driver's seat and a male in the passenger seat

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

matching the driver's license image of Rogers, he followed the vehicle for a short distance and then initiated a traffic stop. Another officer also responded to assist.

As Officer Parker approached the truck, he noticed metal targets for a small caliber rifle, like a .22, with holes in the truck's bed. Officer Parker asked Rogers to exit the vehicle, told Rogers there was a warrant for his arrest, handcuffed him, and searched him. During the search, the officers found a Remington .223 rifle round, and two 12-gauge shotgun slugs with a red casing and brass end. Rogers was eventually directed to sit in the back of Officer Parker's patrol vehicle.

After searching Rogers, Officer Parker returned to the truck to talk to the driver. Dispatch alerted Officer Parker that the driver, LaShawna Rice, had a suspended driver's license and a warrant for her arrest. She was asked to get out of the vehicle, was searched, and then placed in the backseat of Officer Parker's patrol vehicle next to Rogers. With Rogers and Rice in the backseat of the patrol car, the two officers searched the truck. Under the back passenger bench seat, Officer Parker found a loaded 12-gauge sawed-off shotgun. The gun had a 13.42 inch barrel and an overall length of 28.78 inches. It was loaded with a slug style shotgun shell similar to the one that was found on Rogers' person.

Officer Parker's patrol vehicle was equipped with video and audio recording. While the officers were searching the truck, Rogers and Rice were talking to each other. Notably, the following conversation was captured by the recording device:

> Rogers: Oh here it goes.
> Rice: Is it mine?
> Rogers: Look, it's up to you baby I don't want you to get into more trouble.
> Rice: I just, another charge of mine but if I have to bond out but if I have to, I will.

Rogers:     You're not a felon, but it is a sawed off. I hope it doesn't fuck us. I should have never put it back there. I should have listened to you. I'm sorry. I'm sorry.

The recording was admitted at trial as evidence. A transcript of the conversation was shown to the jury while the recording played. The court instructed the jurors that the transcript was merely an aid; that it was not evidence; and that if they found any difference between the transcript and the recording, they were to rely on the recording. Despite Rogers' arguments that he lacked knowledge of the shotgun's presence in his vehicle or its condition, the jury found him guilty on both counts.

"We review the sufficiency of the evidence in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt, even if the evidence rationally supports two conflicting hypotheses." United States v. Morris, 791 F.3d 910, 913 (8th Cir. 2015) (cleaned up). The jury saw the shotgun seized from Rogers' truck and heard the patrol vehicle recording of Rogers' conversation with Rice about the gun. The evidence, when viewed in the light most favorable to the verdict, was sufficient to prove beyond a reasonable doubt that Rogers knew about the shotgun and knew about its "sawed-off" nature – that is, it had a barrel less than 18 inches. While Rogers contends the audio recording was "muffled" and "inaudible" at times, there is no indication in the record that the jury had any difficulty hearing or understanding the recording. Any inconsistencies between Rice's in-court testimony and her statements recorded in the back of the patrol vehicle are issues that go to credibility, which is within the province of the jury. United States v. Colombe, 964 F.3d 755, 758–59 (8th Cir. 2020); see United States v. Nickelous, 916 F.3d 721, 724 (8th Cir. 2019) (cleaned up) ("This court does not weigh the credibility of the witnesses or the evidence. The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict.").

We review *de novo* the district court's construction and application of the Sentencing Guidelines, and we review for clear error its factual findings regarding enhancements. United States v. Mathews, 784 F.3d 1232, 1236 (8th Cir. 2015). The 12-gauge shotgun found in Rogers' truck with a barrel length of less than 18 inches is a "destructive device" under U.S.S.G. § 2K2.1(b)(3)(B). See United States v. Hardy, 393 F.3d 747, 749 (8th Cir. 2004). Rogers has conceded that the shotgun found in his truck fits within the definition of "destructive device" for purposes of U.S.S.G. § 2K2.1(b)(3)(B), but contends the enhancement does not apply because the government failed to establish Roger knew that it was a type of firearm brought within the scope of "destructive device." Because we have concluded the evidence was sufficient to convict Rogers of possessing a firearm made from a shotgun, with a barrel visibly shorter than 18 inches, the district court did not clearly err in applying this enhancement.

As acknowledged by Rogers, his argument that the court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because he possessed the firearm in connection with another felony offense (Iowa Code § 724.4) is foreclosed by precedent. United States v. Walker, 771 F.3d 449, 452–53 (8th Cir. 2014). As a panel, we are bound by this controlling decision. Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011).

For the foregoing reasons, we affirm the district court's judgment.

_____